UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

ORLANDO PELZER, )
)
   *Plaintiff* )
)
v. ) Civil Action No.: 7:11-CV-111-MFU-RSB
)
JOHN GARMAN, et al, )
)
   *Defendants* )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

Defendant, Judy Roach, by counsel, responds to Plaintiff's motion in limine as follows:

1. **Medical expert testimony**

Plaintiff seeks to exclude expert medical opinions on the standard of care as they are irrelevant. Plaintiff cites to cases which stand for the proposition that standard of care testimony is *not required* to prove deliberate indifference. They do not address whether such evidence is otherwise relevant and admissible on that issue.

To prove deliberate indifference, Plaintiff must present evidence to establish Nurse Roach was both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw the inference. See Johnson v. Quinones, 145 F.3d 164, 166 (4th Cir. 1998). Mere negligence is not enough. In Johnson, the court properly considered expert medical evidence regarding the appropriateness of the diagnosis and treatment of an inmate's eye condition. This evidence was probative of the issue of what the defendants knew or should have

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517
fax: 540/885-4537

known about the condition and treatment of it. While the Court ultimately found that this evidence was insufficient to prove deliberate indifference, it certainly found that it was properly before the court for consideration.

While expert medical evidence on the standard of care may not always be dispositive of the issue of deliberate indifference, it is certainly relevant to the issue. In this case, obviously, if the expert medical evidence shows that Nurse Roach was not even negligent, then such evidence will assist the jury in determining whether Nurse Roach was or was not deliberately indifferent to a serious medical need.

Plaintiff's claim that expert medical opinion on the standard of are is inadmissible because it goes to the ultimate issue is contrary to Rule 704 which states that expert opinions are not objectionable just because they embrace an ultimate issue. Plaintiff's argument that medical expert opinions on the standard of care will confuse the jury is without any legal support. As stated above, courts routinely allow medical expert opinions on the issue of the appropriateness of medical treatment in Eighth Amendment cases. The jury will be instructed on the necessary elements of a deliberate indifference claim. There is no reason to think the jury will be confused. Moreover, the potential for jury confusion, if any, is substantially outweighed by the probative value of this evidence. Again, evidence that Nurse Roach complied with the applicable standard of care is significantly probative on the issue of whether Nurse Roach was deliberately indifferent to a serious medical need.

Dr. Marsh is also designated to opine on issues of causation and Plaintiff's medical condition and should be permitted to opine on those issues.

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517
fax: 540/885-4537

2. **Collateral Source Rule**

With regard to Plaintiff's motion *in limine* to exclude evidence that a collateral source paid any medical bills which were incurred or will be incurred by Plaintiff, Defendant states that she does not intend to argue or present evidence that any incurred bills were paid by a collateral source. Defendant is not aware that Plaintiff has incurred any bills, much less bills that were incurred and paid by a collateral source. To the extent Plaintiff indicates or references at trial that he actually incurred expenses, then Defendant reserves the right to impeach this evidence by presenting evidence that Plaintiff did not incur any such expenses.

3. **Mental Health Record**

Plaintiff moves *in limine* to exclude evidence contained in a medical record dated December 1, 2010. This evidence is admissible based upon a prior stipulation entered into by the parties. At Plaintiff's request, the parties stipulated to the admissibility of this record as well as the other medical records. This stipulation was prepared and endorsed by Plaintiff's counsel, and filed on May 22, 2012. (Doc. 76). This document indicates that Plaintiff was referred to mental health for his unrealistic expectations regarding his medical condition and his unfounded belief that his internal organs were infected. This evidence is material to the nature and extent of Plaintiff's claimed injuries as well as Defendant's mitigation of damages defense.

For these reasons, Defendant respectfully requests that this Court deny Plaintiff's motion *in limine*, and award Defendant such other and further relief as it deems appropriate.

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517
fax: 540/885-4537

JUDY ROACH

By Counsel

By: _____/s/ Rosalie Pemberton Fessier_____
Rosalie Pemberton Fessier
VSB # 39030
Attorney for Defendant Roach
TIMBERLAKE, SMITH, THOMAS & MOSES, P. C.
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108
phone: 540/885-1517
fax:    540/885-4537
email:  rfessier@tstm.com

CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2012, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Robert E. Dean, Esquire
> Frith & Ellerman Law Firm, P.C.
> P. O. Box 8248
> Roanoke VA 24014

_____/s/ Rosalie Pemberton Fessier_____
Rosalie Pemberton Fessier
VSB No. 39030
Attorney for Defendant Roach
TIMBERLAKE, SMITH, THOMAS & MOSES, P.C.
P. O. Box 108
Staunton, VA   24402-0108
phone: 540-885-1517
fax:    540-885-4537
email:  rfessier@tstm.com

F:\61\RVPF\DRM\Pelzer v. Garman-FF\Pleadings\response to motion in limine 05-31-12.wpd

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517
fax:  540/885-4537